UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALEXEI JUVIER PORTUNDO,

      Petitioner,

    v.                        Case No.:  2:26-cv-01149-SPC-DNF

WARDEN, SOUTH FLORIDA
DETENTION FACILITY *et al.*,

      Respondents,

_____/

## OPINION AND ORDER

Before the Court are petitioner Alexei Juvier Portundo's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 7).

Juvier Portundo is a native of Cuba who entered the United States on October 15, 2006.  2008 and 2009, Juvier Portundo was convicted of several crimes involving drugs, guns, and violence and sentenced to 192 months in prison, followed by five years of supervised release.  On April 6, 2023, an immigration judge ordered Juvier Portundo removed to Cuba.  Immigration and Customs Enforcement ("ICE") released him under an order of supervision four days later.  In March 2026, Juvier Portundo was arrested for a probation violation.  ICE revoked Juvier Portundo's release on March 10, 2026.  He is currently detained at Alligator Alcatraz.  Juvier Portundo challenges the legality of his detention because Cuba will not accept him for repatriation.

The government briefs this action as one brought under *Zadvydas v. Davis*, 533 U.S. 678 (2001), which provides a framework to evaluate the lawfulness of post-removal detention when the government detains a noncitizen for the purpose of executing a removal order.  The touchstone of *Zadvydas* is a significant likelihood of removal in the reasonably foreseeable future.

But ICE did not revoke Juvier Portundo's release because it found that removal would happen soon.  Rather, ICE revoked release under 8 C.F.R. § 241.13(i) because Juvier Portundo violated the conditions of his release.  Juvier Portundo does not claim—and the evidence before the Court does not suggest— that ICE failed to comply with § 241.13(i).  ICE provided Juvier Portundo written notice of the reason for revocation and an opportunity to address that reason in an informal interview.  Juvier Portundo is also entitled to request periodic review by the HQPDU director "six months after the Service's last denial of release under this section."  8 C.F.R. § 241.13(j).

It appears ICE has thus far complied with the applicable regulation and afforded Juvier Portundo the process he is due.

Accordingly, it is hereby

**ORDERED:**

Alexei Juvier Portundo Petition for Writ of Habeas Corpus (Doc. 1) is

**DENIED**.  The Clerk is **DIRECTED** to terminate any pending motions and

deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on May 1, 2026.

**SHERI POLSTER CHAPPELL**
**UNITED STATES DISTRICT JUDGE**

SA: FTMP-1
Copies:  All Parties of Record